Gary G. Colbath
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
425 G Street, Suite 800
Anchorage, Alaska 99501
Phone: (907) 646-3400
Fax: (907) 646-3480
Email: gary_colbath@fd.org

Counsel for Defendant Roger Keeling

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br>　vs.<br>ROGER KEELING, a/k/a<br>ROGER VANCE KEELING,<br>　　　　　Defendant. | Case No. 4:21-cr-00005-RRB-SAO<br><br>**DEFENDANT'S SENTENCING MEMORANDUM** |

Defendant Roger Vance Keeling, through counsel, Gary G. Colbath, Assistant Federal Defender, moves the Court for a sentence of **60 months custody**, followed by a reasonable period of supervised release.

## I. INTRODUCTION

Roger Keeling submits the following memorandum to the Court in aid of sentencing. Sentencing is currently set for November 19, 2021, before the Honorable Ralph R. Beistline, United States Senior District Court Judge for the District of Alaska. The United States Probation Office (USPO) has prepared and filed a Presentence Investigation Report (PSR) at Docket No. 75.

Mr. Keeling has a limited prior criminal history, a long history of working and being productive, and the Court should discount the murder for hire conviction given the circumstances presented at trial despite the jury's guilty verdict. Based on the factors set forth in 18 U.S.C. § 3553(a), a sentence of **60 months** is sufficient, but not greater than necessary, to satisfy the requirements of 18 U.S.C. § 3553(a)(2).

## II. IN DETERMINING A SENTENCE, THE COURT SHOULD CONSIDER THE GUIDELINES AND THE FACTORS SET FORTH IN 18 U.S.C. § 3553(a)

In *Rita v. United States*, 551 U.S. 338 (2007) the Supreme Court stated that a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. *Id* at 551 U.S., at 347–348. After giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. *Id*. at 51. Those factors apply in this case as follows:

### 1. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The Court heard the circumstances of this case at trial. With respect to Keeling's stalking activity, he admitted much of his conduct to law enforcement during the investigation of the matter and did not meaningfully contest those actions at trial. Despite the jury's verdict otherwise, however, Keeling did not try to hire anyone to kill the victim. Keeling loved the victim and although very hurt that she broke up with him, he wanted her back, not dead. The stories to law enforcement and testimony at trial related by Everette Pratt were simply unbelievable and not true. The Court is not bound by the jury's verdict

with respect to Pratt's credibility and this Court should discount the sentence related to the murder for hire portion of the case based on Pratt's incredible testimony and lies. The fact of the matter is that Pratt admitted he intended to scam Keeling from the beginning and that no real plot to kill the victim ever existed. Instead, Pratt just coaxed Keeling into giving him money for as long as he could and then tried to use his cooperation against Keeling to get out of jail faster. If anyone committed a crime relative to these men's actions it was Pratt, not Keeling.

Roger Keeling is a hard-working, skilled craftsman and artist. He can build or fix most anything and has enjoyed helping others throughout his career in the trades. Indeed, he almost fully remodeled and reroofed the victim's house during their relationship. Roger could benefit from anger management and relationship counseling as part of his supervised release term. He has struggled with interpersonal relationships of all kinds for years and has often been a loaner with few close friends. He has a speech impediment that makes communication difficult and awkward at times and this has made connecting with other people hard for him for much of his adult life.

Keeling knows his choices and actions were wrong and illegal. He is remorseful. He truly never wanted any harm to come to the victim. Keeling understands he must be punished. However, he desperately wants to use his time in custody to better himself and then release to his prior home state of Hawaii, or closer to family to try and re-enter the workforce long enough to become stable and save for some form of retirement. This case and his term of custody will have cost him everything. He will release with no personal

belongings, no vehicle, and no real resources of any kind save for his skills and abilities. He is 55 years old. If he is going to again become self-sufficient, that will have to happen within the decade. As the PSR writer notes, "given the defendant's ability to apparently refrain from illegal behavior for substantial periods of time, a sentence within the Guideline range appears greater than necessary . . ."

> **2. The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense; to Afford Adequate Deterrence to Criminal Conduct; to Protect the Public From Further Crimes of the Defendant; and to Provide the Defendant with Needed Education or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner**

As a result of his convictions, Keeling will spend the next many years in federal prison and several more years on supervised release. He now has two federal felony convictions on his record. He is prohibited from possessing firearms forever. Given his personal history and characteristics, his age, his need for anger management treatment, and his lack of recent criminal history or substance abuse, giving Keeling a 60-month total sentence followed by several more years of supervision with structured conditions and resources in place to help him transition back into the community is sufficient from both a deterrence and community protection standpoint. A five-year custody sentence and three-year supervision period keeps Keeling under the watch of federal authorities and this Court until his mid-60s.

///

///

United States v. Roger Keeling
Case No. 4:21-cr-00005-RRB-SAO                                                                 Page 4

### (a) To Reflect the Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment for the Offense

For the reasons set forth herein and in the probation officer's recommendations, a 60-month sentence, with supervision and the collateral consequences necessitated by his convictions is sufficient to reflect the seriousness of Keeling's conduct and promote respect for the law. Five years in federal prison is certainly punishment. A prison sentence of this length (the maximum for the stalking offense), promotes respect for the law and sends a strong message to the public that these types of offenses will not be tolerated. The Court should provide concurrent 60-month terms of custody for each offense here, which together is sufficient punishment and promotes respect for the law.

### (b) To Afford Adequate Deterrence to Criminal Conduct; and

### (c) To Protect the Public from Future Crimes by the Defendant

60 months in federal prison is a significant sentence. If Keeling completes anger management treatment while in custody and the prison term is followed by the structure and restrictions that will come with supervised release for another period of several years, the combined sentence terms are powerful deterrent inhibitors to future offenses by Keeling himself, and should drive home the message that actions such as his have serious consequences. Five-year concurrent terms will also provide strong general deterrence to others given the circumstances here and maximums available.

///

///

United States v. Roger Keeling
Case No. 4:21-cr-00005-RRB-SAO                                                                                           Page 5

Case 4:21-cr-00005-RRB-SAO   Document 77   Filed 11/10/21   Page 5 of 8

> **(d) To Provide the Defendant with Needed Education or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner**

Rehabilitation is a factor for the Court to consider at sentencing. *United States v. Grant,* 664 F.3d 276, 279-280 (9th Cir. 2011). Keeling is amenable to relationship counseling and anger management treatment. He would also like to further his education and improve his vocational skills as returning to work and productivity will be very important for him upon his release from custody. A total sentence of 60 months provides sufficient time for Keeling to get counseling and engage in meaningful programming to assist with these needs.

> **3. The Kinds of Sentences Available; and**

> **4. The Kinds of Sentence and the Sentencing Range Established for the Offense**

This case involves a count not having a mandatory minimum and one count where the Court is required to impose at least a 12-month sentence. The Guidelines are advisory in nature. The Court has complete sentencing authority, within the statutory limits to fashion a sentence below the guideline range that provides an overall or total amount of punishment that is sufficient but not greater than necessary to accomplish the goals of sentencing.

The maximum statutory range for the stalking offense is five years. The maximum for the murder for hire is ten years. Five-year, concurrent terms, the maximum on stalking and half the maximum on the murder for hire, are sufficient and significant. This term satisfies the goals of sentencing and provides just, but not excessive punishment.

### 5. Any Pertinent Policy Statement

The Guidelines with respect to the drug offense are advisory only. *United States v. Booker*, 543 U.S. 220, 245 (2005). Moreover, "[t]he Guidelines are not only not mandatory on sentencing courts; they are also not to be presumed reasonable. *Nelson v. United States*, 555 U.S. 350, 352 (2009). The sentence should be sufficient, but not greater than necessary to accomplish the goals of sentencing.

### 6. Unwarranted Sentencing Disparities

Given the facts of this case, especially considering the circumstances surrounding the murder for hire, a total sentence of 60 months would be a variance that makes sense and is justified. This type of sentence would be consistent with others engaged in serious stalking behavior but where no physical harm was done to the victim. Here, a below Guidelines sentence would not create disparity with other cases involving similarly situated defendants and equally serious conduct.

### 7. The Need to Provide Restitution to any Victims of the Offense

Restitution does not appear to be an issue in this case and restitution has not been recommended in the PSR.

## III. CONCLUSION

Roger Keeling hopes to turn his struggles around and use this sentence from the Court to get anger management treatment, vocational training and return to the community with enough time to gain stability and some resources for himself to survive. For all the reasons set forth in the PSR and upon the arguments set forth herein above, Keeling

respectfully asks the Court for a total sentence of **60 months custody (five-year concurrent terms)**, followed by a reasonable period of supervised release.

DATED this 10th day of November, 2021.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

*/s/ Gary G. Colbath*
Gary G. Colbath
Assistant Federal Defender

Certificate of Service:
I hereby certify that I electronically filed the foregoing and any attachments with the Clerk of Court for the United States District Court for the District of Alaska by using the district's CM/ECF system on November 10, 2021. All participants in this case are registered CM/ECF users and will be served by the district's CM/ECF system.

*/s/ Gary G. Colbath*